THE PEOPLE OF THE STATE OF NEW YORK ex rel. ABRAHAM
H. HUMMEL, Respondent, *v.* EDWARD J. REARDON, a
Peace Officer of the City of New York.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

1. CRIMES — STAY OF PROCEEDINGS — BAIL.   A defendant, convicted of
a crime not punishable with death, who has obtained an order directing
the district attorney to show cause why a certificate of reasonable doubt
should not be granted and an order directing a stay of execution in the
meantime, cannot be admitted to bail until the hearing and determination
of the motion for the certificate and the granting thereof.   Under the
statutes relating thereto (Code Crim. Pro. §§ 527, 529, 555, 556) release on
bail can be secured only when a permanent and substantial stay of proceed-
ings has been granted after the allowance of a certificate of reasonable doubt
upon due notice to the district attorney of the county in which the convic-
tion was had.   The stay upon which bail may be granted is not the tempo-
rary *ex parte* stay which may be allowed pending the decision of an appli-
cation for a certificate of reasonable doubt.   In the former case a judge
has decided, after argument and consideration, that there is doubt about
the correctness of the conviction, and a reason is established for accepting
bail and relieving from imprisonment pending appeal.   In the latter case
no certificate of doubt has been granted, and there is no reason for assum-
ing that the judgment of conviction is erroneous and that the defendant
should not be held in custody under it.

2. SAME — RE-ARREST OF DEFENDANT RELEASED ON BAIL PENDING
DETERMINATION OF APPLICATION FOR STAY OF PROCEEDINGS — HABEAS
CORPUS — ERRONEOUS AFFIRMANCE OF ORDER RELEASING RELATOR
FROM CUSTODY.   Where a defendant, who had been convicted of the crime
of conspiracy, and released on bail pending the decision of his application
for a certificate of reasonable doubt, was re-arrested upon the ground that
the allowance of bail was without authority and illegal, and he thereupon
instituted habeas corpus proceedings which resulted in his discharge from
custody, the Appellate Division is not warranted in affirming the order
discharging him; because at the time its decision was made a certificate of
reasonable doubt had been granted entitling him to be released upon bail.
The order should have been reversed, but the decision of the Appellate
Division so framed as not to remand the relator to a custody from which
he would be entitled to an immediate release.

*People ex rel. Hummel* v. *Reardon*, 112 App. Div. 866, reversed

(Argued June 4, 1906; decided October 9, 1906.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered

1906.]     People ex rel. Hummel *v.* Reardon.     **165**

N. Y. Rep.]     Opinion of the Court, per Hiscock, J.

April 20, 1906, which affirmed an order of Special Term sustaining a writ of habeas corpus and directing the discharge of the relator from custody.

The facts, so far as material, are stated in the opinion.

*William Travers Jerome, District Attorney (Robert C. Taylor* of counsel), for appellant. The present Code provisions have entirely uprooted the former loose provisions of the Revised Statutes. A convict cannot now be lawfully admitted to bail pending appeal until the judge has responsibly certified that there is reasonable doubt, and an application for such a certificate cannot be made except upon due notice to the district attorney, and only after the service of formal specifications of error. All that the judge can lawfully do, in the interim, is to "stay the execution" until the determination of the application, whereupon the sheriff must "keep the defendant in his custody without executing the judgment," or if "execution has commenced," *i. e.,* if the defendant has gone to State prison or the penitentiary, he must be restored to his original custody. (Code Crim. Pro. §§ 529–531.) The Code provisions are controlling. (*People* v. *Hovey,* 92 N. Y. 558; *People* v. *Jaehne,* 103 N. Y. 182; *People* v. *Bissert,* 71 App. Div. 118; *People* v. *Glen,* 173 N. Y. 395; *People* v. *Trezza,* 125 N. Y. 740; *Matter of Jones,* 181 N. Y. 389; *People* v. *Rutherford,* 47 App. Div. 209; *People* v. *Dunn,* 31 App. Div. 139; 157 N. Y. 528; *McKane* v. *Durston,* 153 U. S 684; *Andrews* v. *Swartz,* 156 U. S. 272.)

*John B. Stanchfield* for respondent. The order sustaining the writ of habeas corpus was proper. (Code Crim. Pro. §§ 529, 555, 583; *People* v. *Molineux,* 53 Barb. 15; 40 N. Y. 113; *Smith* v. *People,* 47 N. Y. 330; *McNeill's Case,* 1 Caines, 72; *Ford* v. *State,* 42 Neb. 419; *State* v. *Levy,* 24 Minn. 362; *Sprague* v. *Birdsall,* 2 Cow. 419.)

Hiscock, J. This appeal involves the sole question whether a person convicted of a crime not punishable with death may

**166**   People ex rel. Hummel *v.* Reardon.   [Oct.,

Opinion of the Court, per Hiscock, J.   [Vol. 186.

be admitted to bail pending the determination of an application for a certificate of reasonable doubt.

The relator was convicted of the crime of conspiracy in New York county and sentenced to pay a fine of five hundred dollars and to imprisonment for one year in the penitentiary, and was thereupon committed to the city prison. Upon the same day an order to show cause was granted why a certificate of reasonable doubt should not be granted and a stay of execution directed meantime, and at the same time an order was made admitting the defendant to bail until the hearing of said application. The relator having thereupon been rearrested upon the theory that the allowance of bail pending the hearing of said motion was without authority and illegal, habeas corpus proceedings were instituted, resulting in his discharge from such custody. This order, upon appeal, was duly affirmed, but, as I think, erroneously so.

The determination of the question presented for our consideration requires an examination of several sections of the Code of Criminal Procedure.

Section 527, entitled "Stay of Proceedings on Appeal," provides that "An appeal to the Appellate Division of the Supreme Court from a judgment of conviction * * * stays the execution of the judgment * * * upon filing, with the notice of appeal, a certificate of the judge who presided at the trial, or of a justice of the Supreme Court, that in his opinion, there is reasonable doubt whether the judgment should stand, but not otherwise."

Section 529 provides: "The certificate (of reasonable doubt) mentioned in the last two sections (527 and 529) cannot, however, be granted upon an appeal on a conviction of felony or misdemeanor until such notice as the judge may prescribe has been given to the district attorney of the county where the conviction was had, of the application for the certificate, accompanied by a formal specification in writing of the grounds upon which the application is based, but the judge may stay the execution of the judgment until the determination of such application." Said section also provides

that when application for such certificate has been once denied another application shall not be made ; also, that in case of specified delay by the defendant in bringing on for argument his appeal application may be made to have said certificate of reasonable doubt vacated.

Section 555 provides that " After the conviction of a crime not punishable with death, a defendant, who has appealed and when there is a stay of proceedings, but not otherwise, may be admitted to bail :

" 1. As a matter of right, when the appeal is from a judgment imposing a fine only ;

" 2. As a matter of discretion, in all other cases."

Section 556 regulates the nature of bail after conviction and upon appeal, and to its terms I shall refer more in detail hereafter.

There is no doubt but that the judge granting the order to show cause why a certificate of reasonable doubt should not be granted, had the power under section 529 to stay execution of the judgment of conviction against relator until the determination of such application. It may also be granted that section 555 read literally and by itself is broad enough to cover the admission to bail of a defendant pending an application for a certificate when there is a stay of proceedings granted as provided in section 529. But I believe that a broader and more comprehensive view not only of section 555 but of other related sections and of the general trend of criminal procedure upon appeal from conviction will justify the conclusion that said section does not contemplate admission to bail under such a temporary and incidental stay of proceedings, but relates to admission to bail upon an appeal where a more permanent stay has been secured through the granting of a certificate of reasonable doubt, as provided in section 527.

Before statutory enactment to that end a person convicted of a criminal offense had no right of appeal. Under the Revised Statutes there were available the two methods of reviewing a conviction, either by certiorari before judgment

or by writ of error after judgment. Upon the proceeding by certiorari the defendant might have stay of judgment and be admitted to bail. Provision was also made whereby upon review by writ of error there might be a stay of proceedings and the defendant admitted to bail through the medium of habeas corpus proceedings.

Without considering these proceedings in detail, it is to be noted as bearing upon subsequent legislation and making plain the tendency toward greater caution in granting the applications of convicted persons for stays and admission to bail, and thus indirectly bearing upon the specific question at issue, that no notice to the People was required of the application for either writ or for stays or admission to bail of convicted persons. And an examination of the judicial records and literature of those times, and of the suggestions made in connection with the recommendation of adoption of a Code of Criminal Procedure, leaves no doubt that those former methods of review were not only cumbersome, but that oftentimes they were accompanied by undue delay, and laxity in granting stays with resulting admission to bail.

The Code of Criminal Procedure was adopted and concededly it supplants the prior methods of review, and entirely and exclusively provides for and measures the defendant's rights upon appeal from a conviction, so far as those rights are subject to statutory control. Here, again, it is desirable to note especially certain provisions in the sections already referred to, concerning appeals as expressive of the requirement for greater vigilance in granting stays and admitting to bail.

Bail can be received only when a stay of proceedings has been granted, and a permanent, substantial stay of proceedings can be secured only when a certificate of reasonable doubt has been granted, after notice to the People through their representative officer, upon due specification of alleged errors, and even this certificate and resulting stay may be vacated if the defendant delays the hearing of his appeal. This line of provisions, beyond question, prevents a defend-

ant who has been convicted and committed to the custody of the law from regaining his liberty upon bail without notice to the district attorney, and without a public record by some judge of his deliberate opinion that allegations of error raise a reasonable doubt whether the conviction should stand. Incidentally and temporarily a stay may be granted pending this application without any notice. Some of the evil consequences are obvious which might result from *ex parte* and inadvertent action in admitting convicted persons to bail during this incidental stay without any notice to the district attorney, and I think that it is in accordance with the general policy evidenced by all of these sections to construe section 555, giving the right to admit to bail ·pending a stay of proceedings, as referring to the substantial, important stay of proceedings provided for by section 527 as the result of a certificate of reasonable doubt, and not as meaning and referring to the temporary *ex parte* stay allowed by section 529 pending the decision of the application for such certificate. In the former case a judge has decided, after argument and consideration, that there is doubt about the correctness of the conviction, and a reason is established for accepting bail and relieving from imprisonment pending appeal. In the latter case no certificate of doubt has been granted, and there is no reason for assuming that the judgment of conviction is erroneous and that the defendant should not be held in custody under it.

So much for the reasoning which seems to rest upon principles of general policy. It seems to me that the details of the sections relating to bail confirm that reasoning.

Section 556, which alone provides for the nature of the bail to be taken under section 555 when there is a stay of proceedings, requires bail from the defendant as follows :

" 1. If the appeal be from a judgment imposing a fine only, on the undertaking of bail, that he will pay the same, or such part of it as the appellate court may direct, if the judgment be affirmed or modified or the appeal dismissed, or the certificate of reasonable doubt be vacated as provided in section five hundred and twenty-nine.

" 2. If judgment of imprisonment have been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed, or if the certificate of reasonable doubt be vacated as aforesaid."

It is apparent at once that the undertaking above provided for is adapted to a release upon bail pending final disposition of the appeal, and is not at all adapted to such release under the temporary stay pending application for a certificate of reasonable doubt. The section assumes that a certificate of reasonable doubt has been granted, and, therefore, relates to bail under a stay following such certificate and not to bail under the temporary stay preceding such certificate. It is said that this clause was incorporated into the section by amendment and, therefore, is not significant as indicating the purpose of the statute. If we should grant this explanation to be more effective than I really think it is, we still find the other provisions of the section equally requiring an undertaking binding the defendant to answer a final disposition of his appeal, and not an unfavorable disposition of his application for a certificate. In fact the learned Appellate Division ultimately seems to concede that there is no provision for an undertaking to be executed by a defendant upon release upon bail pending his application for a certificate. But it is said that if the statute has provided that he may thus be released he will not be deprived of this right by reason of this omission; that it is a *casus omissus* and not important. This seems to me to be a begging of the question.

The statute has provided for one stay of proceedings following a certificate that there is merit to the defendant's appeal, which is a very substantial right and which ordinarily will continue until the final disposition of the appeal. It has provided for another stay which is temporary and incidental to an application. Then it has provided that a defendant may be released upon bail when there is a stay of proceedings, and in prescribing the conditions of the undertaking to be executed adapts it entirely to a release under the former

stay and not at all to one under the latter. Under these circumstances, in attempting to determine whether the legislature intended that a defendant should be released upon bail under both stays or simply under the former and substantial one, it seems to me that full provision for a form of bail under such former one and an absolute omission to provide for bail under the latter one is not to be regarded as a matter of inadvertence, but as clearly indicating the intention that the provisions for release under a stay do not apply to the temporary one.

Finally it is urged that such interpretation and conclusion may result in the temporary confinement of one who has a meritorious appeal, and will be harsh and unjust. I believe that this objection will prove to be rather based upon a fear than sustained by reality, and that not many persons convicted of criminal offenses and who have good grounds for appeal will be treated with undue severity. We may anticipate that a judge before whom has been conducted a criminal trial will be able to determine with fair accuracy whether a conviction rests upon debatable grounds, and that if it does a certificate will be granted forthwith and the defendant saved from imprisonment pending the determination of his appeal. A judge other than the one before whom the trial has occurred has the power, by prescribing short notice to the district attorney, to compel a prompt determination of the application for a certificate.

Remembering always that the statute by granting any right of review has secured to convicted persons a favor which they otherwise would not enjoy, it will not be too much if the construction adopted, under the safeguards mentioned, does result in treating a judgment of conviction obtained by due process, legal and entitled to enforcement even to the extent of taking the defendant into custody unless and until some duly constituted authority shall certify that reasonable grounds exist for questioning its correctness.

We can hardly close our minds to the fact that at the present time the universal trend in public discussion of our sys-

tem of criminal procedure is in the direction of criticising its leniency and tardiness whereby criminals entirely escape or unduly postpone the day of punishment, and the construction which I have endeavored to justify will close one avenue through which persons duly convicted, by aid of *ex parte* statements and allegations of error, may escape, temporarily, enforcement of the judgment of conviction which has been rendered against them.

The fact has not been overlooked that a somewhat lengthy discussion has been given to a question which so far as this case is concerned has become academic. We have been assured, however, and readily have been able to see that the question here presented is an important one and liable to arise with much frequency, and under such circumstances it has been deemed wise to express our views in the case now presented for guidance in the future.

The argument has been advanced that independent of the merits of the underlying question the order, releasing the relator was properly affirmed by the Appellate Division because at the time said latter court made its decsion a certificate of reasonable doubt had been granted entitling the defendant to be released upon bail and that such a fact could be taken into account as justifying the original order.

I do not find in the statute relating to habeas corpus any provision, or in the law relating thereto any established principle, which seems to warrant the view that an order in a statutory proceeding erroneous upon the facts existing at the time it is made may be affirmed upon appeal because meantime some step has been taken which under independent and different provisions justifies the same result which was originally secured by the erroneous order.

In his application for a writ of habeas corpus the relator by his petition was required to set forth " the cause or pretense of the imprisonment or restraint according to his (the) best knowledge and belief." (§ 2019.) The person to whom the writ was issued was required by his return to set forth the authority and true cause of the imprisonment or restraint.

1906.]     People ex rel. Hummel *v.* Reardon.     ·173

N. Y. Rep.]     ·   Dissenting opinion, per O'Brien, J.

(§ 2026.) Thereupon the court or judge was required to proceed "in a summary way to hear the evidence produced in support of or against the imprisonment or detention and to dispose of the prisoner as the justice of the case requires." This petition, return and decision spoke of and were based upon the facts as they existed at the time. The appeal from the order to the Appellate Division would naturally and properly bring up those facts as they thus existed and not others subsequently arising. While thus, as I think, the Appellate Division would not be justified in affirming the order which was made because subsequently to the determination of the habeas corpus proceedings a certificate of reasonable doubt had been granted which entitled relator to a stay and release upon bail, but would be compelled to reverse the same, still very naturally upon being informed that such latter steps had been taken and that the defendant was, therefore, entitled to be upon bail, it would so frame its decision as not uselessly to remand the relator to a custody from which he would be entitled to immediate release.

The order should be reversed, but inasmuch as the defendant has now been released upon bail under a stay following a certificate of reasonable doubt, it is unnecessary to direct that he should be remanded to custody.

O'Brien, J. (dissenting). The appeal in this case is from an order of the Appellate Division, which unanimously affirmed an order of the Special Term sustaining a writ of habeas corpus and admitting the relator to bail. The only question presented is whether this order made by the learned court below is affected with any legal error. There is no other question in the case that this court can review.

Singularly enough it is asserted and urged by both parties upon this appeal that the question is purely academic, that whatever way it may be decided here, it can have no effect upon the parties to the controversy. The learned district attorney at the close of his brief, after stating that the order should be reversed, concludes with the following statement:

"if, however, this court should decline to consider the question on the ground that it was academic he respectfully urges that the court will so declare. If the question is academic here, it was equally academic below. Should this court decline to reverse or to affirm or to express its own views of the law, in that event it is urged at least to state that the expressions in the opinion below are obiter." The substance of the argument of the district attorney is directed not so much against the judgment rendered as the opinion delivered. It is not unusual in this court to deal with a perfectly correct decision that may, however, be based to some extent upon an erroneous reason. But it seems to me that in this case the order complained of is sustained by the plain language of the statute. The whole contention on the part of the district attorney is that this statute does not mean what it says, and that instead of following its plain terms it should receive some other construction. This contention, it seems to me, is fully answered by the learned opinion of the court below, and I do not propose to deal with any question here except the single question presented, and that is whether, in making the order complained of, the learned court below committed a legal error. The learned court from which this appeal is taken stated the question before it in these words: "The sole question presented is whether or not, after a conviction of a crime not punishable with death, a defendant, who has appealed and obtained an order from a justice of the Supreme Court staying the execution of the judgment pending the determination of an application for a certificate of reasonable doubt, may be admitted to bail before the granting of the application." The question in this court is still narrower, and it may be stated in these terms: Did the Appellate Division, when granting the order appealed from, have before it the necessary facts and documents which made it the duty of the court to affirm the order sustaining the writ of habeas corpus and admitting the relator to bail? If so, then the order is clearly right and should be affirmed.

It will be seen from what has been said that this contro-

versy originated in an application by the relator after conviction to a judge of the court for a certificate of reasonable doubt and for a stay of proceedings pending the determination of that application. The stay of proceedings was granted and subsequently the certificate of reasonable doubt; and the sole contention of the learned district attorney arises from the fact that the relator was admitted to bail upon this application and before the judge had made the certificate. It is admitted that if the relator had been discharged upon bail a few hours after the judge had signed the certificate, that the proceedings would then be perfectly proper, but that the judge in staying the proceedings and allowing bail a few hours or days before the certificate was formulated exceeded his authority. In order to sustain that contention it seems to me that a plain and simple statute must be perverted to purposes that the legislature has not expressed, and the enactment is so general and so simple in its language that it would seem to be not open to construction.

There is no dispute about the power of the judge in this case to grant a stay of proceedings pending the application. (Code Crim. Pro. § 529.) He did grant a stay and concurrently admitted the relator to bail. That is the only error complained of. It is provided by section 555 of the same Code that a defendant convicted of a crime not punishable with death may be admitted to bail in a case where he has appealed, and when there is a stay of proceedings. In this case the relator had appealed before the bail was allowed, as appears from his replication to the traverse in the record. There was a stay of proceedings also, and so the case is brought directly within the plain words of the statute. The relator had been convicted of conspiracy. He had appealed. He had procured a stay of proceedings, and so the case falls directly within the plain words of the statute. The judge had the power to grant a stay pending the application for the certificate of reasonable doubt, and he had the power to admit the relator to bail in a case where he had appealed and where there was a stay

176          People ex rel. Hummel v. Reardon.          [Oct.,

Dissenting opinion, per O'Brien, J.          [Vol. 186.

·But it is contended that the stay granted by the judge in this case was only temporary, and the distinction is sought to be made between a temporary stay and what is called a permanent stay. The distinction, however, is not perceived, since every stay of proceedings is necessarily temporary in the sense that it is operative only until some other or further judicial action is had. One stay may be for a longer time than another, but they are all temporary, and operate in every case only until the object for which it was granted is attained. I am not able thus far to discover any legal error in the· proceedings of the learned judge in admitting the relator to bail.

But there is another view of this case which seems to me to be conclusive against the appeal. The learned court below, as a court, had the power and it was its duty to sustain the writ of habeas corpus if it had the necessary facts before it.

In this respect it is required to act as a court of original jurisdiction, and every member of the court sitting alone possessed the same power and was charged with the same duty. (Code Civ. Pro. § 2017.) There is no dispute about the fact that when the learned court below made the order appealed from it had before it every fact and every document that called for the relator's discharge, and, hence, it was right in sustaining the writ, even if there was any question as to the power to admit the relator to bail pending the application for the certificate of reasonable doubt. The principle is well settled that a court of review is not necessarily bound to reverse a judgment or order for some defect in the original proceeding. If the defect consists in the absence of a document or record it may be produced on the argument with the same force and effect as if produced on the original application. (*Jarvis* v. *Sewall*, 40 Barb. 449 ; *Catlin* v. *Grissler*, 57 N. Y. 373 ; *Wines* v. *Mayor, etc., of N. Y.*, 70 N. Y. 613 ; *Matter of Cooper*, 93 N. Y. 507 ; *Dunham* v. *Townshend*, 118 N. Y. 286 ; *Stemmler* v. *Mayor, etc., of N. Y.*, 179 N. Y. 482.)

And yet it is contended that the learned court below should

have reversed the order, and that it committed a legal error in affirming it. If it had reversed the order and remanded the relator to prison it could be called upon the next moment to discharge him upon habeas corpus. It had before it all the necessary facts and records which required it to act in giving effect to this writ of liberty. It had the relator's petition, the other pleadings in the case and the certificate of reasonable doubt, and there could be no answer under these circumstances to the relator's application for a discharge, and all this being true, can it be said with any propriety that the court committed a legal error in sustaining the order made by one of its own members admitting the relator to bail, and that it should have reversed that order because made in advance of the certificate of reasonable doubt which was before the court on the argument? If the court, when making the order appealed from, could do just what one of its members had done before, was it legal error to confirm what had been done, even though a document, namely, the certificate of reasonable doubt, was not before the judge when he made the order? It has been shown that the court was not only a court of review, but in the particular case before it, a court possessing original jurisdiction, and to reverse the order of the Special Term sustaining the writ and admitting the relator to bail would seem to encourage a process of circumlocution in habeas corpus proceedings utterly at variance with the spirit and purpose of that statute. I think that there was no legal error in the decision below, and that the order should be affirmed or the appeal dismissed.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER and CHASE, JJ., concur with HISCOCK, J.; O'BRIEN, J., reads dissenting opinion.

Order reversed.