In re DALSIMER'S ESTATE.

(Surrogate's Court, New York County. July 25, 1914.)

1. TAXATION (§ 879*)—TRANSFER TAX—GIFT INTER VIVOS—VALIDITY.

A husband and wife having money belonging to each deposited it in a joint account in a bank under an agreement that either should be entitled to check against the account, and that on the death of one the survivor should own whatever balance remained. They both made deposits to the credit of the account from their individual means, and both made withdrawals at their convenience. *Held*, that since each contributed to the account and released his right to an undivided half of the money on deposit, as well as the right to transfer such half by will, each parted with a valuable consideration for the right to take the entire balance remaining on deposit at the death of the other, and hence on the husband's death the balance passed to his widow by virtue of the agreement, and not by gift intended to take effect in possession or enjoyment at or after his death, so that such balance was not subject to transfer taxation.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

2. TAXATION (§ 879*)—TRANSFER TAX—GIFTS—JOINT OWNERSHIP.

A husband, having deposited certain stocks and bonds standing in his name with a trust company for safe-keeping, directed that the old certificates be surrendered and new ones issued to the husband and wife as joint tenants with the right of survivorship. *Held* that, this having been done, in the absence of evidence that the wife had contributed her separate funds toward the purchase of such securities, the right of survivorship which the husband conferred on the wife by having the certificates transferred was a gift intended to take effect in possession or enjoyment at or after his death, and was therefore subject to transfer taxation as provided by Tax Law (Consol. Laws, c. 60) § 220, subd. 4.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

Judicial settlement of the estate of Samuel Dalsimer, deceased. From an order assessing a transfer tax on the interest of the sole legatee, she appeals as executrix and legatee. Modified and affirmed.

House, Grossman & Vorhaus, of New York City (Louis J. Vorhaus, of New York City, of counsel), for executrix.

Thomas E. Rush, of New York City (Moses R. Ryttenberg, of counsel), for State Comptroller.

FOWLER, S. [1] This is an appeal by the executrix and sole legatee under the decedent's will from an order assessing a tax upon her interest in his estate. The decedent, who was a resident of New York,

died on the 20th of August, 1913. He devised and bequeathed his entire estate to his wife. In 1904 he opened an account with the Guaranty Trust Company of New York in the name of "Samuel Dalsimer or Zettie Dalsimer." His wife had the right to draw checks on this account, and she exercised the right frequently during decedent's life. She testified before the appraiser that when the account was opened part of the money deposited belonged to her, but she did not know how much she contributed to the account. Dividends on stock and interest on bonds belonging to the decedent were deposited in this account as well as dividends from 30 shares of stock of the United Shoe Machinery Company owned by his wife. There was on deposit in this account at the date of decedent's death the sum of $5,389, and the appraiser reported that it constituted a part of decedent's estate subject to the provisions of the Transfer Tax Law. The widow testified before the appraiser that it was agreed between her and the decedent at the time this account was opened that either of them could draw upon the account, and that the survivor would be entitled to what remained to the credit of the account upon the death of either. As each of them had contributed to the account, and had by agreement relinquished their right to an undivided one-half of the money on deposit, as well as their right to assign it or to transfer such one-half by will, each parted with a valuable consideration for the right to take the entire amount remaining on deposit at the death of the other. The amount remaining to the credit of the account at the date of decedent's death passed to his widow by virtue of the agreement entered into between them, and was not a gift intended to take effect in possession or enjoyment at or after death. It was therefore not subject to a transfer tax. Matter of Heiser, 85 Misc. Rep. 271, 147 N. Y. Supp. 557.

[2] The decedent some time prior to the 15th of February, 1911, deposited with the Guaranty Trust Company certain securities consisting of stocks and bonds. The stocks were in the name of the decedent and indorsed in blank. The bonds were coupon bonds. These securities were not kept in a safe deposit box rented by the decedent, but were in the custody and control of the company. On February 15, 1911, he changed the title of this account so as to make it a joint account in the name of himself and his wife. On July 18, 1912, decedent and his wife signed a printed form of letter prepared by the Guaranty Trust Company for the convenience of depositors in joint accounts. The letter was addressed to the Guaranty Trust Company. In this communication the decedent and his wife requested the company to hold the securities or money then on deposit with the company for their joint account, with the right of each of them to withdraw or otherwise dispose of the property; the survivor to be the sole owner of the money or securities remaining to the credit of the said account. This letter was not prepared at the request of the decedent, but was submitted to him by the Guaranty Trust Company in accordance with the policy adopted by the company for its own protection. On June 16, 1913, the decedent wrote the trust officer of the Guaranty Trust Company directing him to have the stock certificates, which at that time stood in the name of decedent, transferred to the decedent and his

wife as joint tenants. In accordance with these instructions, the trust company surrendered the old certificates of stock and had new certificates executed and issued in the name of ."Samuel Dalsimer or Zettie Dalsimer as joint tenants with right of survivorship." The value of the securities contained in the joint account at the date of decedent's death was $292,346.30, and the widow contends that this sum is not subject to a transfer tax. Her right to the property is not in question; she receives it under the will if she is not entitled to it by right of survivorship. The question in controversy is the liability of the securities to taxation under the provisions of the tax law. The decedent's wife had no independent means; she had no money or property except what she received from her husband. She testified that she did not know how much money he gave her, but that some of the money which he had given her was used in the purchase of some of the securities held in the joint account. Thirty shares of stock of the United Shoe Machinery Company stood in her name, but there is no evidence of the date of its transfer to the joint account, and there is no proof that the transfer was effected during decedent's life. The value of these shares, however, was not included by the appraiser in the assets of decedent's estate. As all the securities held in the joint account were originally deposited by the decedent in his own name, the indefinite and inconclusive evidence of the widow as to her contribution to the purchase of the securities is not sufficient to rebut the presumption of ownership in the decedent. From the fact that the account was opened by the decedent in his own name, and that the stocks deposited in the account were, prior to June, 1913, in his name, it must be presumed in the absence of competent and satisfactory evidence to the contrary that the stocks and bonds in the securities account were purchased by the decedent with his own money.

The evidence of the widow is not sufficient to warrant the court in finding that any of the securities included in the report of the appraiser were purchased with money which belonged to her individually. The right of survivorship which the decedent conferred upon his wife by surrendering the certificates and having new ones executed in their joint name was a gift by the decedent to his wife intended to take effect in possession or enjoyment at or after his death within the meaning of subdivision 4 of section 220 of the Tax Law, and the value of the securities is therefore subject to a transfer tax. Matter of Von Bernuth, Law Journal, March 1, 1913, reported in Chrystie on Inheritance Tax, p. 791; Matter of Thompson, 85 Misc. Rep. 291, 147 N. Y. Supp. 157.

The order fixing tax will be modified by deducting from the value of the assets of decedent's estate the amount to the credit of the cash account at the date of decedent's death. In all other respects the order will be affirmed.