THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY B. SLOAN and CHARLES E. McCLINTOCK, SR., Defendants.

Supreme Court, Allegany County, June 7, 1943.

*John W. Hollis* and *Norman B. Fitzer* for defendants.

*E. A. Mapes, District Attorney,* for plaintiff.

HINKLEY, J. Defendants have applied for certificates of reasonable doubt. They were convicted upon an indictment alleging ten counts of forgery and one of grand larceny, first degree. Each was sentenced to Attica State Prison for a minimum of two years and a maximum of two and one-half years on each count of the indictment to run concurrently. Execution of each judgment was stayed by an order to show cause, and defendants are now in the custody of the sheriff.

Applications for certificates of reasonable doubt and a subsequent admission to bail of persons who have been tried and sentenced are entitled to receive most serious consideration. If denied, then, in the event of a reversal and dismissal of the indictment or the granting of a new trial and eventual acquittal, society can not restore to such persons the time during which they have been improperly incarcerated. On the other hand, there is a definite presumption that a conviction and sentence are legal and proper. That is the logic which sustains the authoritative decision to the effect that from the time of the conviction and sentence no defendant can be admitted to bail until some judge certifies that there is a reasonable doubt that the conviction should stand. (*People ex rel. Hummel* v. *Reardon*, 186 N. Y. 164.)

No hard and fast rule has been or could be formulated as to when a certificate of reasonable doubt should be granted. Reasons given for granting and for denying such certificates are legion. In the final analysis each application must be weighed and determined in the light of its individual law and facts. In order to justify the granting or denial of certificates of reasonable doubt, the lower courts have delivered various pronouncements which in some instances tend to enlarge, and in others to restrict, the language of section 527 of the Code of Criminal Procedure. Even in the highest court there is an indication that the certificate should be granted if the conviction rests upon *debatable* grounds. (*People ex rel. Hummel* v. *Reardon*, 186 N. Y. 164, 171, *supra.*)

One could hardly conceive of any criminal trial where the conviction was not "disputable; subject to controversy or contention; open to question or dispute." (Webster's New International Dictionary [2d ed.], "debatable".) The language of section 527 of the Code of Criminal Procedure is so clear as to need no interpretation. A certificate of reasonable doubt shall be granted when in "the opinion of said court there is *reasonable doubt* whether the judgment should stand, *but not otherwise.*" (Italics supplied.) The court to whom the application is made is, to all intents and purposes, confronted by the same situation as will arise in the appellate court. Concededly the question of the defendant's guilt or innocence as disclosed by the record will be a vital factor in the determination by the higher court as to whether the judgment should stand. (Code Crim. Pro. § 542; *People* v. *Buchalter*, 289 N. Y. 181; *People* v. *Malone*, 205 App. Div. 257, 264, and similar cases.) In the instant case the guilt of the defendants was conclusively estab-

lished. While the court's determination of the guilt or innocence. of a defendant is not the determining factor, yet it is a strong circumstance bearing upon the question as to whether or not a judgment should stand.

Defendants allege three separate reasons for the granting of the certificates:

*First:* That the verdict is against the weight of evidence and against the law.

On the contrary, the record will disclose that any verdict other than guilty would have been against the overwhelming weight of the evidence. By written and oral confessions the defendants frankly and in clear and convincing language separately admitted the formation of a conspiracy and the commission of the crimes of forgery and larceny. No evidence was offered in dispute of any of the statements in these confessions. Nor was there any evidence by either defendant or otherwise to the effect that such confessions were not freely and voluntarily made. Although each confession and admission of guilt was competent and binding only upon the individual making the same, yet the confessions and admissions of both defendants correspond in every important detail. The trial judge must of necessity form an opinion as to the guilt or innocence of a defendant. The only proscription is against the disclosure of that opinion. That ban is now lifted and it is clear to the trial judge that the verdict is definitely not against the weight of the evidence.

Defendants have set forth in the second and third alleged errors the specifications for their general statement that the verdict is against the law.

*Second:* Defendants allege as an error in law that there is no evidence in addition to the confessions to prove that the crimes charged had been committed (Code Crim. Pro. § 395).

The proof is undisputed that the defendant Sloan, as manager of the Sloan Estate, received from the Sinclair Refining Company the sum of $2,757.75 for the two weeks' period alleged in the indictment and that he turned over to the estate only the sum of $1,435.11. This fact alone, according to controlling authority, fulfilled the statutory requirement of evidence in addition to the confessions that the crimes as charged in the indictment had been committed. A parallel will be found in a case where a person's watch disappeared and the defendant admitted stealing it. There would be no necessity to produce a witness who saw it stolen. No further evidence would be required to prove the *corpus delicti.* (*People* v. *Brasch,* 193

N. Y. 46, 60; *People* v. *Roach,* 215 N. Y. 592; *People* v. *Lo Turco,* 256 App. Div. 1098.) In the instant case not only was there the undisputed testimony of the withholding of the money from the estate, but also in. addition to the confessions there was other undisputed evidence that the crimes charged in the indictment were committed.

*Third:* The defendants contend that the court erred in refusing their request to charge " that evidence of good character in a close case may, in and of itself, without any other evidence, create a reasonable doubt sufficient to warrant the discharge of the prisoner." To that the court replied: " I decline to charge in that language and decline to change my original charge."

The main charge of the court in that respect is as follows: " It is the claim of the defendants in this case, as the Court understands it, that they both were men of good character, and they ask you to infer from that that they would not and did not commit these crimes. * * * Evidence has been introduced by the defendants, as I have indicated to you, concerning their good character prior to the time of this alleged transaction. If that proof of good character, taken in connection with, in contradiction of the evidence against these defendants, raises a reasonable doubt as to such evidence, then the defendants must be given the benefit of that reasonable doubt. The purpose, of course, of testimony of good character prior to the alleged crime is upon the theory that persons of good repute could not or would not commit a crime. Of course, there always has to be a first offense, if anyone is to be convicted of anything. The claim is made upon the part of these defendants that they were of good character and you must take that into consideration in the determination of this case. If it raises a reasonable doubt in your mind as to the proof and the evidence against them, then you must acquit them. You must consider that evidence of good character and give it such weight as you deem proper."

The request was improper in form and substance and would simply have confused the jury. Evidence of good character standing alone in and of itself is not sufficient to raise a reasonable doubt. (*People* v. *Trimarchi,* 231 N. Y. 263, 266.) " Good character may create a doubt against positive evidence, but this doubt against positive evidence is created only when, in the judgment of the jury, the character is so good as to raise a doubt as to the truthfulness or correctness of the positive evidence." (*People* v. *Hughson,* 154 N. Y. 153, 164.) Isolated

excerpts from opinions to the effect that proof of good character in and of itself might raise a reasonable doubt had upon request of defendants' counsel been charged by trial courts for years. It was not until the decision in the case of *People* v. *Trimarchi* (*supra*) that it was demonstrated that the request was meaningless. It is an unfinished sentence for it fails to state of what there is a reasonable doubt. It is only when considering all the evidence that it creates a reasonable doubt against the *positive* evidence. The excerpts above quoted from the main charge of the court are strictly in line with the *Trimarchi* and *Hughson* cases above quoted which are the latest pronouncements of the highest court.

The verdict is amply supported by the evidence; there are no particular or general rulings which are erroneous; nor are there any other grounds to justify the granting of certificates of reasonable doubt. That being so, the prohibition contained in the words " but not otherwise " in section 527 of the Code of Criminal Procedure is controlling.

Motion denied.