THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUIS B. SAPERSTEIN, Defendant.

Supreme Court, Special Term, New York County, August 17, 1954.

*Frank S. Hogan, District Attorney* (*Frank Brenner* of counsel), for plaintiff.

*Burton B. Turkus* and *Irwin N. Wilpon* for defendant.

McGivern, J. This is an application by defendant Saperstein for a certificate of reasonable doubt and for an order fixing bail pending appeal in the event that the application is granted. The defendant herein was convicted of criminal contempt on five separate counts by a special jury in the Court of General Sessions after a lengthy trial on the 2nd day of July, 1954. On July 30, 1954, said defendant was sentenced to imprisonment for a term of one year on each of the five counts, said terms to run consecutively. The defendant was convicted under section 600 of the Penal Law which makes it a misdemeanor contumaciously and unlawfully to refuse to answer any legal and proper interrogatory after being sworn before a Grand Jury as a witness.

The defendant poses many questions in the furtherance of his application, but this court will select but two which it believes are prima facie sufficient to create a reasonable doubt as to whether or not the conviction will be upheld on review.

First: The defendant Saperstein contends that the alleged refusal to answer constituted but one and not several contempts. He has been charged herein with five contempts occurring on March 11 and March 15, 1954. The District Attorney throughout the trial stated that the subject matter of all of the conversations involved related to the same subject matter. In the case of *People* v. *McDonnell* (100 N. Y. S. 2d 463, 467), the court discussed this point. The court (Hart, J.) stated, " The question then presents itself as to whether or not by refusing to answer seven questions relating to the same subject matter the relator was guilty of seven separate and distinct contempts ". The defendant in that case had been sentenced on each of the alleged contempts. The defendant in the case at bar was similarly sentenced. Judge Hart went further to say, " This court is of the opinion that the relator committed but one contempt. To hold otherwise would enable a prosecutor to ask an unlimited number of questions concerning the same subject matter or even to ask the same question in various forms, with the net result that a witness might be incarcerated for the balance of his life." Upon reading the lengthy record in this case, the question as to the number of so-called contempts would seem to present a question for appellate review.

Second: The defendant asserts that the within indictment was not voted upon by at least twelve jurors who heard all of the testimony. It is not for this court to say that no appellate court will perceive any validity to this point. (Cf. *People* v. *Brinkman*, 205 Misc. 337.)

Defendant advances many other grounds for reversal, some of which present questions of law with respect to which there may well be divergent opinions.

This court is aware of the fact that the present investigation by the District Attorney in an area of great social importance is justified, and will inure to the benefit of the community at large. However, it has long been observed that in evaluating an application such as the instant one, it is not necessary that the court be satisfied that a reversal of the conviction will ensue, nor is it even necessary that the court should be convinced that positive error of importance was committed. It is sufficient if the court is satisfied that there exists some arguable question worthy of an appellate court.

In *People* v. *Sloan* (181 Misc. 822), it was stated, at page 823:

" Applications for certificates of reasonable doubt and a subsequent admission to bail of persons who have been tried and sentenced are entitled to receive most serious consideration. If denied, then, in the event of a reversal and dismissal of the indictment or the granting of a new trial and eventual acquittal, society can not restore to such persons the time during which they have been improperly incarcerated. On the other hand, there is a definite presumption that a conviction and sentence are legal and proper. That is the logic which sustains the authoritative decision to the effect that from the time of the conviction and sentence no defendant can be admitted to bail until some judge certifies that there is a reasonable doubt that the conviction should stand. (*People ex rel. Hummel* v. *Reardon*, 186 N. Y. 164.)

" No hard and fast rule has been or could be formulated as to when a certificate of reasonable doubt should be granted. Reasons given for granting and for denying such certificates are legion. In the final analysis each application must be weighed and determined in the light of its individual law and facts. In order to justify the granting or denial of certificates of reasonable doubt, the lower courts have delivered various pronouncements which in some instances tend to enlarge, and in others to restrict, the language of section 527 of the Code of Criminal Procedure. Even in the highest court there is an indication that the certificate should be granted if the convic-

tion rests upon *debatable* grounds. (*People ex rel. Hummel* v. *Reardon,* 186 N. Y. 164, 171, *supra.*) '' See, also, section 527 of the Code of Criminal Procedure, and *People* v. *Horvatt* (144 Misc. 278), wherein the rule has been aptly stated. (*People* **v.** *Amarante,* 100 N. Y. S. 2d 677; *People* v. *Stemmer,* 56 N. Y. S. 2d 438.)

The moving party herein has submitted numerous specifications in support of its application, some of which have import and others which raise questions of law which are not unworthy of an appellate court, and this court so views the application.

In addition to the above, it is to be noted that the defendant herein has been convicted of a *misdemeanor* and has already been incarcerated since July 2, 1954, and it is calculated that his appeal cannot be heard until October. Should his conviction be reversed, he would have no recourse for the time spent in jail. This court sees nothing unreasonable or unusual in allowing Saperstein to remain at liberty on suitable bail until his appeal has been decided.

The application for a certificate of reasonable doubt is, therefore, granted. The order to be entered hereon may provide bail in the sum of $50,000. Settle order on two hours' notice.