The People of the State of New York, Respondent, *v.* Louis B. Saperstein, Appellant.

First Department, April 24, 1956.

*Irwin N. Wilpon* of counsel (*Burton B. Turkus,* attorney), for appellant.

*Paul A. Stone* of counsel (*Charles W. Manning* with him on the brief; *Frank S. Hogan, District Attorney,* attorney), for respondent.

*Per Curiam.* This is an appeal from a conviction for criminal contempt in giving false and evasive answers before a Grand Jury. Error, among others, is assigned in the admission of Grand Jury testimony, before the defendant, then a witness, was granted immunity or warned that he was a prospective defendant who was entitled to claim his constitutional privilege against self incrimination.

There was no error in the admission of testimony given in the Grand Jury before the defendant obtained immunity under section 2447 of the Penal Law. Once immunity was conferred, any infirmity in the testimony was removed. *People* v. *De Feo* (308 N. Y. 595) held that immunity under the statute was not effectively granted when the witness was advised that he was entitled to immunity of less than the scope granted by the statute. *People* v. *Gillette* (126 App. Div. 665) involved the constitutional privilege, and not immunity. A breach of the privilege renders the Grand Jury testimony unavailable in any prosecution by indictment, or for perjury or contempt; but it does not confer immunity (*People ex rel. Coyle* v. *Truesdell,* 259 App. Div. 282).

While it was also held in the *De Feo* case (*supra*) that the rule in the *Gillette* case (*supra*) survived the enactment of the new statute (Penal Law, § 2447), the question was not reached as to the effect on prior testimony of the granting of immunity to the witness whose privilege had been ignored in the first instance. Since, contrary to the situation in the *De Feo* case, defendant here was effectively granted immunity, the testimony, because it was relevant to evaluating the claimed nonrecollections by defendant, was properly admitted. Once the privilege is avoided by the granting of immunity, there is no occasion for enforcing the privilege by totally denying effect to testimony taken in violation of the privilege. Of course, a different situation would be present if the contempts charged here rested on testimony given before the granting of immunity. We are not concerned with that situation, however, but only with the relevancy of the prior testimony, and it is our view that not even under the *Gillette* rule, amplified by the statute, is such prior testimony rendered wholly null or irrelevant.

Accordingly, the judgment of conviction should be affirmed, subject only to the remission directed in the related appeal (*post*, p. 949).

BREITEL, J. P., RABIN, COX, FRANK and BASTOW, JJ., concur.

Judgment unanimously affirmed subject only to the remission directed in the related appeal (*post*, p. 949).