**102**

The PEOPLE OF the STATE OF NEW
YORK ex rel. Robert EPPS,
Petitioner-Defendant,

v.

Hon. A. NENNA, Warden, Manhattan
House of Detention for Men, New
York, New York, Respondent.

United States District Court
S. D. New York.

Jan. 14, 1963.

Robert Epps, pro se.

Robert Morgenthau, U. S. Atty., New York City, by Irving Galt, New York City, of counsel, for respondent.

EDELSTEIN, District Judge.

On October 31, 1962, this court denied petitioner's application for a writ of habeas corpus on the ground that petitioner had failed to exhaust his available state remedies. 28 U.S.C. § 2254 (1952); Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950). Petitioner now seeks to appeal the denial of the writ and has applied for a certificate of probable cause. 28 U.S.C. § 2253.[1]

This court's previous denial of the writ was predicated on petitioner's admission in his moving papers that the appeal from his New York State conviction was pending before the Appellate Division of the New York State Supreme Court, First Department. In the instant application for a certificate of probable cause, petitioner acknowledges that the appeal is still pending in the Appellate Division. He submits, however, that the sole claim he seeks to present here is not included among the claims which are the subject of his New York State appeal.[2] He contends that on his prior petition he had complied with the exhaustion requirement with respect to this single claim and that therefore this court erred by dismissing the petition on the ground that state remedies had not been exhausted.

Petitioner's sole claim of deprivation of federal constitutional rights relates to a denial of a certificate of reasonable doubt by the New York State Supreme Court. Under New York law a certificate of reasonable doubt may be granted in a criminal appeal "if there exists some arguable question worthy of an appellate court." Section 527, New York Code of Criminal Procedure;[3] People v. Sapirstein, 206 Misc. 482, 133 N.Y.S.2d

---

1. "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

2. The petitioner's application for the writ makes the following allegations of claimed deprivation of federal constitutional rights:
   (a) refusal of the court to permit petitioner to discharge counsel at the time the request to discharge was made;
   (b) that he represented himself at the trial;
   (c) that the trial court did not give him an adequate opportunity to obtain new counsel after he dismissed his counsel;
   (d) that he was forced to waive the privilege against self-incrimination "by remaining mute" on the witness stand;
   (e) that he was intimidated by court attendants;
   (f) that the prosecutor gave a "perjured summation;"
   (g) that he was prejudiced by the adjournment of the trial occasioned by prolonged plea bargaining between his counsel and the prosecutor.

3. "§ 527. Stay of proceedings, on appeal, etc.
   "An appeal to the appellate division of the supreme court from a judgment of conviction, or other determination from which an appeal can be taken, stays the execution of the judgment or determination upon filing with the notice of appeal, a certificate of the court in which such conviction was had or such determination was made, provided said court was a court of record, or the court of special sessions of the city of New York, or of the supreme court, that in the opinion of said court there is reasonable doubt whether the judgment should stand, but not otherwise. Such certificate shall be filed together with a true copy thereof which the clerk shall forthwith transmit to the clerk of the appellate division. Such certificate must recite briefly the particular rulings believed to have been erroneous together with any other grounds upon which it was granted. And the appellate court may order a new trial if it be satisfied that the verdict against the prisoner was against the weight of evidence or against the law, or that justice requires a new trial, whether any exception shall have been taken or not, in the court below."

570 (1954), aff'd. 1 App.Div.2d 402, 150 N.Y.S.2d 842 (1956); People v. Sloan, 181 Misc. 822, 42 N.Y.S.2d 281 (1943). "The Certificate does not annul or void a conviction. It does not acquit and set a defendant free. All that it does is to permit the defendant to apply to be released on bail pending a decision on his appeal * * *." People v. Politano, Sup., 224 N.Y.S.2d 406 (1962); New York Code of Criminal Procedure, § 527.

Petitioner's application for the certificate of reasonable doubt was denied without a hearing. Although "recourse is ordinarily had to the moving papers," People v. Bove, Sup., 57 N.Y.S.2d 182 (1945) and the trial record on such applications, the petitioner contends that he was denied due process since he was not provided with an opportunity to supplement ,the record with a supporting memorandum of law. Nor was he provided with the opportunity, he contends, to argue the application or to secure the services of an attorney to argue on his behalf.

The State admits petitioner's allegations but denies that the allegations establish a deprivation of due process. The State maintains that the question of whether the moving papers and the record require supplementation by a memorandum or argument rests within the state court's discretion, and it submits that the frivolous and insubstantial nature of the claimed errors did not warrant further inquiry by the court beyond resort to the moving papers and the record. Therefore, the State contends that the denial of the application without a hearing was clearly a proper exercise of the court's discretion.

Finally, it is urged that petitioner suffered no prejudice as a result of not being afforded an opportunity to argue or submit a memorandum. The State claims that petitioner could not, in any event, have been released on bail even if the certificate of reasonable doubt were granted, since he is charged by the State of New Jersey with the commission of several grand larcenies and warrants of arrest have been lodged as detainers against him. The State concludes that petitioner's allegations do not raise a federal question.

■■ Although petitioner vigorously contends that this single claim is ripe for adjudication since available state remedies have been exhausted, it is quite evident that the requirements of the exhaustion doctrine have not in fact been met. Darr v. Burford, supra (1950); 28 U.S.C. § 2254 (1952). It is axiomatic that "an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted." Ex parte Hawk, 321 U.S. 114, 116–117, 64 S.Ct. 448, 449–450, 88 L.Ed. 572 (1944); see Darr v. Burford, supra; Irvin v. Doud, 359 U.S. 394, 405, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959). Pollak, Proposals to Curtail Federal Habeas Corpus for State Prisoners: Collateral Attack on the Great Writ, 66 Yale L.J. 50, 53 (1956); Hart, The Time Chart of the Justices, 74 Harv.L. Rev. 83 (1959). The exhaustion rule is a shorthand expression for the doctrine that the federal courts are to refrain from entertaining petitions for writs of habeas corpus until the applicant has raised the federal questions in the state proceeding and has unsuccessfully sought certiorari from the adverse state judgment. See Darr v. Burford, supra; Pollak, supra, at 53. The federal court's power of review over state criminal proceedings is thus limited to final judgments of conviction.

It is clear that in the instant proceeding there can be no final judgment of conviction until petitioner is unsuccessful in prosecuting his appeal through the New York Appellate Division, the New York Court of Appeals and finally, the United States Supreme Court. Petitioner, however, seeks to have this court adopt a unique theory of exhaustion which finds no support in the authorities. Despite the pendency of his appeal in the Appellate Division, petitioner insists

that his remedies have been exhausted because of the mandate of § 529 of the New York Code of Criminal Procedure.[4] This section provides that when a certificate of reasonable doubt has been denied, no further applications for the certificate may be made. Since § 529 is a bar to further proceedings on the application for the certificate, petitioner contends that his remedies are exhausted. This contention is totally without merit. The grant or denial of a certificate of reasonable doubt is an interlocutory determination which is merely ancillary to a pending appeal from a New York State conviction. New York C.C.P. § 527, supra. There is no authority which sanctions the intervention of federal courts into a state criminal proceeding prior to the final adjudication of the defendant's state appeal. To hold otherwise would permit federal courts to supervise the administration of state criminal proceedings at every interlocutory stage, and would erase the exhaustion principle from among the canons of habeas corpus adjudication.

█ In any event, petitioner's allegations do not present a question cognizable in the federal courts since they raise only an issue of New York State procedure. The expanding concept of due process does not yet require state courts to provide prisoners with the right to argue or submit a memorandum in support of an application for release on bail pending appeal. The "federal courts do not have jurisdiction to restrain the judges of a state court from performing a discretionary duty that is in no sense a violation of a federal constitutional right." Anderson v. State of Kentucky, 288 F.2d 333 (6th Cir., 1961).

█ An application for a certificate of probable cause should be denied where state remedies have not been exhausted. Hamilton v. Buckhoe, 283 F.2d 816 (6th Cir., 1960); United States ex rel. Sullivan v. Heinze, 250 F.2d 427 (9th Cir., 1957), cert. denied, 356 U.S. 943, 78 S. Ct. 789, 2 L.Ed.2d 818 (1958), or where the petition does not present a federal question for determination. United States ex rel. Jones v. Richmond, 245 F. 2d 234 (2d Cir., 1957), cert. denied, 355 U.S. 846, 78 S.Ct. 71, 2 L.Ed.2d 56 (1957); United States ex rel. Stewart v. Ragen, 231 F.2d 312 (7th Cir., 1956); United States ex rel. Sullivan v. Heinze, supra.

Accordingly, the application for a certificate of probable cause is denied. So ordered.

4. "§ 529. Certificates of stay not to be granted except on notice to the district attorney.

"Upon an appeal on a conviction of felony or misdemeanor an application for a certificate of reasonable doubt made pursuant to section five hundred and twenty-seven of this code must be heard and determined either by the court in which such conviction was had, provided said court is a court of record, or the court of special sessions of the city of New York, or by a regularly appointed special term of the supreme court held within the judicial district in which the conviction was had. An application for such a certificate, made pursuant to section five hundred and twenty-eight of this code, must be made either to a judge of the court of appeals or to a justice of the appellate division of the supreme court from the judgment of which the appeal is taken. In either case such an application must be founded upon the record of the cause and notice of motion duly served on the district attorney of the county where the conviction was had, or upon such record and an order to show cause granted either by the trial judge or by a justice of the supreme court; the moving papers must contain a formal specification of the particular rulings alleged to have been erroneous and of any other grounds upon which the application is based and at least two days' notice of the time and place for hearing such application must be given to the district attorney of the county in which the conviction was had. The judge or justice granting such order to show cause may in his discretion stay execution of the judgment of conviction until the determination of such application. When an application for such certificate shall have been made to and denied by the court in which such conviction was had or by the supreme court or in the case of an appeal to the court of appeals, by a judge of that court or a justice of the appellate division of the supreme court, no other application for such certificate shall be made. * * *"