The Woolson Spice Company, Respondent, *v.* Columbia Trust Company, as Executor, etc., of Herman Sielcken, Deceased, Defendant, Impleaded with Thorleif S. B. Nielsen, Appellant.

First Department, July 9, 1920.

**Depositions — examination of defendant before trial — privilege — incriminating questions.**

The court should sustain objections to questions asked of a defendant on an examination before trial where under the complaint the defendant could be charged with larceny under section 1290 of the Penal Law and the Statute of Limitations has not run on a criminal prosecution for said crime.

But the defendant may be compelled to answer questions although there may be a possibility of prosecution under the Federal Anti-Trust Law or the statutes of other States and especially so where the Statute of Limitations has run so as to protect him from a prosecution under the New York State Anti-Trust Law.

Appeal by the defendant, Thorleif S. B. Nielsen, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of February, 1920, overruling all the objections made by said defendant to certain questions propounded to him pursuant to an order directing his examination before trial and overruling his claims of privilege, and directing him to answer the questions.

*Charles H. Tuttle* of counsel [*Davies, Auerbach & Cornell*, attorneys], for the appellant.

*Edmond E. Wise* of counsel [*Leon Lauterstein* with him on the brief]; *Wise & Seligsberg*, attorneys, for the respondent.

Per Curiam:

We agree with the learned justice at Special Term that neither the possibility of prosecution under the Federal Anti-Trust Law* nor the possibility of indictment under statutes of other States furnishes proper grounds for defendant Nielsen's refusal to answer the questions to which objection was made.

* See 26 U. S. Stat. at Large, 209, chap. 647; 28 id. 570, §§ 73–77, as amd. by 37 id. 667, chap. 40; 38 id. 730, chap. 323.— [Rep.

Furthermore, that the Statute of Limitations protects him from prosecution under the New York State Anti-Trust Law. (See General Business Law, art. 22, as amd. by Laws of 1910, chaps. 394, 633, and Laws of 1918, chap. 490.) We are of opinion, however, that upon the facts alleged in the complaint, and as therein alleged, the defendant could be charged with larceny under section 1290 of the Penal Law. As to these transactions the Statute of Limitations would not be a bar to criminal prosecution for five years has not elapsed since the doing of some of the acts charged. " Where it is not so perfectly evident and manifest that the answer called for cannot incriminate, as to preclude all reasonable doubt or fair argument, the privilege must be recognized and protected." (*People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219, 231.)

The order will, therefore, be reversed, the objections sustained and the motion that Thorleif S. B. Nielsen be directed to make answer to such questions denied, without costs.

Present — CLARKE, P. J., DOWLING, SMITH and PAGE, JJ.

Order reversed, objections sustained and motion denied, without costs.