In the Matter of the Application to Compel Jo P. CAPPEAU, Respondent, to Answer Certain Questions under a Commission Issued from the Superior Court of the State of Delaware, in and for Kent County, in an Action Therein Pending, Wherein CITIES SERVICE COMPANY Is Plaintiff, and JESSE C. MCDOWELL Is Defendant, Pursuant to Subpœna Issued out of the Supreme Court.

CITIES SERVICE COMPANY, Appellant.

First Department, November 4, 1921.

Witnesses — depositions — refusal of witness to answer — lack of good faith in refusing to answer questions on ground that answers might incriminate — questions propounded were as to acts which occurred without this jurisdiction and against which Statute of Limitations had run — court must determine whether witness' claim of fear of incrimination is substantial.

There is a failure to show any real or substantial danger to be apprehended from answering questions propounded to a witness under a commission from a court in another State on the ground that his answers might incriminate him, where an examination of the record reveals that he was not acting in good faith and that his refusal to answer was not, in fact, from any fear of incriminating himself, and further, where it appears that the acts concerning which he was interrogated occurred without this jurisdiction and that an action thereon was barred by the Statute of Limitations.

A witness may not shield himself or be excused from answering pertinent inquiries propounded to him by the mere assertion on his part that his answers to such questions might tend to incriminate him. It is always for the court to determine whether there is substance to such a claim of the witness.

APPEAL by Cities Service Company from an order of the Supreme Court, made at the New York Special Term and

entered in the office of the clerk of the county of New York on the 22d day of September, 1921, so far as it denies a motion to direct a witness under a commission from a court in another State to answer certain questions.

*Robert S. Sloan* of counsel [*George N. Davis* of the Delaware bar with him on the brief; *Frueauff, Robinson & Sloan,* attorneys], for the appellant.

*Glenn M. Congdon,* for the respondent witness.

MERRELL, J.:

This appeal is from so much of an order of the Special Term, New York county, as denies the application of the petitioner for an order directing the respondent, a witness, to answer certain questions pertinent to the issues which were propounded to him during the taking of his deposition under a commission issued out of the Superior Court of the State of Delaware, in and for the county of Kent, in that State.

Upon the examination the respondent refused to answer said questions upon the ground that his answers might incriminate him. An examination of the record convinces us that the respondent was not acting in good faith in refusing to answer the questions propounded to him, and that his refusal to answer was not, in fact, from any fear of incriminating himself. A witness may not shield himself or be excused from answering pertinent inquiries propounded to him by the mere assertion on his part that his answers to such questions might tend to incriminate him. (*United States* v. *Collins,* 145 Fed. Rep. 709, 712; *Ex parte Irvine,* 74 id. 954, 960.) It is always for the court to determine whether there is substance to such claim of the witness.

Furthermore, it appears that the matters about which the respondent was questioned occurred prior to May, 1917, and if any of his acts constituted a crime, the Statute of Limitations has run against a prosecution for any crime which the respondent's answers might tend to prove, and for this reason the respondent could not assert his statutory privilege. (*Meyer* v. *Mayo,* 173 App. Div. 199; *Woolson Spice Co.* v. *Columbia Trust Co.,* 193 id. 346.)

In no event was the respondent liable to criminal prosecu-

tion in this State, as the acts concerning which he was interrogated occurred without this jurisdiction.

We are, therefore, of the opinion that the respondent has failed to show that there is any real or substantial danger to be apprehended from answering the questions propounded to him.

The order appealed from should be modified, so as to require the respondent to appear before the commissioner on a day certain, and, in addition to answering the inquiries which the order appealed from directed him to answer, the said respondent be required to answer all other questions which were propounded to him and which he declined to answer, and which questions are numbered in red ink on the left-hand side of the transcribed testimony of said respondent so far taken, which testimony is annexed to the affidavit of Robert S. Sloan, verified September 7, 1921, and marked Exhibit " F " and filed herein.   Said inquiries, in addition to those directed by the order appealed from to be answered, are numbered, respectively, 4, 5, 6, 9, 13, 14, 17, 18, 19, 21, 22 and 23.   The order, so far as appealed from, should be reversed, with ten dollars costs and disbursements, and the motion granted.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted.   Settle order on notice.