In the Matter of the Application of FRANK E. SEYMOUR, Petitioner, against Hon. GEORGE A. LARKIN, Justice of the Supreme Court, Respondent.

Fourth Department, May 16, 1938.

*Alfred M. Saperston,* for the petitioner.

*Frank G. Raichle, Special Assistant District Attorney of Erie County [James O. Moore, Jr.,* of counsel], for the respondent.

LEWIS, J.   In a proceeding under article 78 of the Civil Practice Act (as added by Laws of 1937, chap. 526) we review certain acts of the respondent, a justice of the Supreme Court, by which the petitioner has been adjudged guilty of criminal contempt in the immediate hearing and presence of the court during the trial of a criminal action.

The contempt involves petitioner's refusal to answer certain questions addressed to him as a witness by the prosecuting attorney

and which he was directed by the court to answer. As the petitioner has based his refusal to answer upon the ground that he might thereby incriminate himself, we are to determine whether his conduct was justified in law.

The Constitution of the State provides that no person shall " be compelled in any criminal case to be a witness against himself." (Const. art. 1, § 6.) The petitioner was thus justified in his refusal to answer unless by some act of amnesty he is relieved from the risk of prosecution for any crime which his testimony might reveal. " To force disclosure from unwilling lips, the immunity must be so broad that the risk of prosecution is ended altogether." (*Matter of Doyle*, 257 N. Y. 244, 251.)

The respondent asserts that the petitioner is assured of immunity, co-extensive with the requirements of this rule, by the provisions of section 381 of the Penal Law — one of the sections within article 34 — which, as its title indicates, deals with " Bribery and Corruption." The section provides in part:

" § 381. Offender a competent witness; witnesses' privileges. A person who has violated any section of this chapter [the Penal Law] *relating to bribery* or any section of this article or who has committed an attempt to violate any such section is a competent witness against another person so offending. No person shall be excused from attending and testifying * * * upon any investigation, proceeding or trial, for or relating to or concerned with a violation of any section of this chapter [the Penal Law] *relating to bribery* or any section of this article or an attempt to commit any such violation, upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him, upon any criminal investigation, proceeding or trial."

In view of the statute's mandate that in any trial " concerned with a violation of any section of [the Penal Law] *relating to bribery* " a witness shall not be excused from testifying upon the ground that he may thereby incriminate himself, and full statutory immunity from prosecution being accorded to such a witness, our present inquiry turns at once to the question whether petitioner's contumacious conduct occurred upon a trial " relating to bribery."

From the respondent's return it appears that the contempt here in question was committed while the petitioner was testifying as

a witness upon the trial of an indictment which charged a former city officer with violations of section 1826 of the Penal Law, which provides in part:

" § 1826.  Taking unlawful fees.  A public officer  *  *  *  who asks or receives, or consents or agrees to receive, any emolument, gratuity or reward, or any promise of emolument, gratuity or reward, or any money, property or thing of value or of personal advantage, except such as may be authorized by law, for doing or omitting to do any official act, or for performing or omitting to perform, or for having performed or omitted to perform any act whatsoever directly or indirectly related to any matter in respect to which any duty or discretion is by or in pursuance of law imposed upon or vested in him, or may be exercised by him by virtue of his office, or appointment or employment or his actual relation to the matter, shall be guilty of a felony, punishable by imprisonment for not more than ten years or by a fine of not more than four thousand dollars, or both."

More particularly was the accused charged with having consented and agreed, among other things, to the wrongful use of his office for his private gain by coercing contractors having business with a certain municipal agency to procure insurance and surety bonds through a firm alleged to be controlled by the petitioner; that in furtherance of a scheme by the accused to use his official influence wrongfully as a means of acquiring unlawful fees, he feloniously received from the petitioner at various times, certain sums of money for having performed, or omitted to perform, official acts which were directly or indirectly related to matters as to which he owed an official duty under the law.

We read section 1826 of the Penal Law as the expression by the Legislature of its intention to carry out the purpose of article 13, section 2, of the Constitution of the State which declares the acceptance of a bribe by a public officer to be a felony.  The same purpose inheres in both constitutional provision and statute — to secure more effective protection against misuse of public office for private gain.  (*People* v. *Clark*, 242 N. Y. 313, 326.)  The rigid prohibitions of the statute are clearly to prevent the receipt by a public officer of benefits, not authorized by law, to induce his official action or the wrongful exercise of his official power.  Such prohibitions relate themselves to bribery.

Accordingly we believe that, within the language of section 381, the trial at which petitioner's contempt was committed was one concerned with a violation of a section of the Penal Law — § 1826 — " relating to bribery."  It follows, under further provisions of section 381, that the petitioner was not " excused from  *  *  *

**218**

testifying \* \* \* upon the ground \* \* \* that the testimony or evidence \* \* \* required of him may tend to convict him of a crime." Having thus required him to testify, in the interest of public welfare, the Legislature has by the same statute given him complete immunity from prosecution on account of any transaction concerning which he may give evidence. That immunity, the scope of which was extended by chapter 329 of the Laws of 1936, amending section 381, is today as broad as the privilege destroyed.

Accordingly the action of the respondent adjudging petitioner in criminal contempt of court should be confirmed and the proceeding dismissed on the merits, without costs.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Action of the respondent adjudging petitioner in criminal contempt of court confirmed and proceeding dismissed on the merits, without costs.