THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALTER J. KRAMER, Appellant.

Fourth Department, August 1, 1939.

*Guy B. Moore*, for the appellant.

*Frank G. Raichle, Special Assistant District Attorney* [*Leo J. Hagerty, District Attorney; James O. Moore, Jr.*, of counsel], for the respondent.

PER CURIAM. The appellant has been adjudged guilty of criminal contempt of court for refusal, after direction by the court, to answer as a witness before the grand jury certain questions relating to his alleged participation in the collection of money from gamblers, to be used to secure freedom from police interference. The defendant on June 21, 1939, refused under oath to answer the questions on the ground that his answers might tend to incriminate him in respect to the crime of perjury. The grand jury on June twenty-sixth duly presented this matter to the justice presiding at the Extraordinary Term of which the grand jury was a part. It then appeared upon the hearing before the justice by the concession of the attorneys that the appellant had previously on the 19th and 20th days of April, 1939, been a witness before the same grand jury and at that time had in more general language than was called for by the questions which the defendant refused to answer denied in substance all participation in the matters concerning which he had interposed a refusal to answer and that af er giving such answers the appellant was excused from attendance before the grand jury subject to recall and was recalled on June twenty-first when the refusal to answer occurred. The grand jury then presented the matter to the court on June twenty-sixth when the court instructed the defendant to answer the questions and the refusal was in substance repeated. It was the position of the appellant upon the hearing before the justice in the Extraordinary Term that if the defendant answered the questions asked by the grand jury, he would have to give the same answers which he had previously given on April nineteenth and twentieth, but that such reiteration of the previous testimony might tend to incriminate him in respect to the crime of perjury in relation to the earlier investigation, because it would bear upon the willfulness of the earlier testimony and might fill in some possible omission necessary for the establishment of the crime in the giving of the earlier testimony. The appellant by being called before the grand jury and required to

give testimony was entitled to full immunity under sections 381, 584 and 996 of the Penal Law from prosecution for participation in the crimes in respect to which he had been called upon to testify before the grand jury. (*Matter of Seymour* v. *Larkin*, 254 App. Div. 215; *Matter of Doyle*, 257 N. Y. 244.) His immun ty, however, did not extend to protect him from prosecution for perjury in respect to any false testimony which he may have given. (*People* v. *Reiss*, 255 App. Div. 509; *People* v. *Cahill*, 126 id. 391; affd., 193 N. Y. 232; Penal Law, § 1631; 4 Wigmore on Evidence [2d ed.], § 2282.) The question is sharply raised then in this case whether the repetition of similar answers to questions involving the same transaction would tend to incriminate the answering witness in respect to perjury claimed to have been committed in the earlier answers.

Under the facts in this case we do not think it would. The questions asked on April nineteenth and twentieth and on June twenty-first and repeated on June twenty-sixth, related to personal transactions of the witness. There was no reasonable chance of misunderstanding or mistake, of forgetfulness or inadvertence, in the replies. The answers were necessarily willfully and deliberately made. We cannot conceive any omission which the answers to the questions asked of the defendant could have supplied. While, as a general rule, it rests with the witness to determine whether an answer may tend to incriminate him (1 Burr's Trial, 244; *People ex rel. Lewisohn* v. *O'Brien*, 176 N. Y. 253; *People ex rel. Taylor* v. *Forbes*, 143 id. 219; *State* v. *Thaden*, 43 Minn. 253; 45 N. W. 447; 4 Wigmore on Evidence [2d ed.], § 2271), still the protection against self-incrimination " is confined to real danger and does not extend to remote possibilities out of the ordinary course of law." (*Heike* v. *United States*, 227 U. S. 131; *Mason* v. *United States*, 244 id. 362; *People ex rel. Lewisohn* v. *O'Brien*, *supra*.) The giving of the same or similar answers to those previously given, under the facts in this case, would not tend to incriminate him and the appellant was not justified in declining to answer upon the ground stated.

We have not considered what would have been the case had the appellant not limited his contention to the result of giving the same testimony as previously given.

The judgment and order appealed from should be affirmed.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Judgment and order adjudging defendant-appellant guilty of criminal contempt of court affirmed.