WILLIAM D. FRAD, Plaintiff, *v.* THE COLUMBIAN NATIONAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Defendant.*

Municipal Court of New York, Borough of Manhattan, First District, November 24, 1941.

*Harris J. Griston*, for the plaintiff.

*Bleakley, Platt & Walker* [*Frank A. Fritz* of counsel], for the defendant.

* Affd., Appellate Term, First Dept., N. Y. L. J. March 20, 1942, p. 1195; 264 App. Div. 836; motion for leave to appeal to Court of Appeals denied, Id. 853.

WHALEN, J. The action is for total and permanent disability benefits under three separate policies of life insurance, issued by the defendant to plaintiff. The defendant, in addition to a denial of the material allegations of the complaint, has interposed a counterclaim to recover $1,000, representing part of certain payments for disability heretofore paid by the defendant to the plaintiff.

In the counterclaim it is alleged that plaintiff's representations, to the effect that he was unable to engage in any occupation, were false, in that " during the times mentioned in the complaints and herein, the defendant was engaged, under his own name and under the names of Daniel Fulton, William Fulton, Edward Swift, D. Edward Swift, and other names, and with associates using their own and assumed names, in the occupation, work, and business of promoting and participating in games of cards of divers kinds, types, and systems, with others aboard ocean-going and coastwise vessels and in various places on land, for remuneration and profit, from which plaintiff did derive income and remuneration and profit * * *," etc.

Defendant has served a notice to examine the plaintiff before trial on the allegations of its counterclaim, and plaintiff has refused to answer a large number of questions put to him on such examination on the ground that the answers to such questions might tend to incriminate or degrade him. The motion is now made, pursuant to rule 129 of the Rules of Civil Practice, to direct the plaintiff to answer certain questions, as to which he has raised the issue of his constitutional privilege.

Defendant claims that when such a refusal is made it is the duty of the witness to satisfy the court that the danger of self-incrimination is a real and substantial one, and that he may not be excused from answering pertinent inquiries by the mere assertion on his part that his answers to such questions might tend to incriminate him. (*Matter of Cappeau*, 198 App. Div. 357 [1st Dept., 1921].) Defendant also urges the point that the witness may not refuse to answer the questions on this ground as to transactions that took place in a foreign jurisdiction. (*Woolson Spice Co.* v. *Columbia Trust Co.*, 193 App. Div. 346, [1st Dept., 1920].)

Plaintiff cites *American Blue Stone Co.* v. *Cohn Cut Stone Co.* (97 Misc. 428; affd., 177 App. Div. 952), where the Special Term of the Supreme Court in Erie County held that if the witness satisfied the court, by matters outside of the record, that his refusal to answer was based on a genuine danger of self-incrimination, he should not be compelled to answer.

A great many of the questions put to the witness related to trips on ocean-going and coastwise steamers and to incidents that took

place in foreign jurisdictions, such as Florida, Louisiana and Bermuda. As to these matters, defendant takes the position that the plaintiff may not refuse to answer any question as to a transaction that took place in a foreign jurisdiction on the ground that it would tend to incriminate or degrade him. In this defendant relies on a *per curiam* opinion in *Woolson Spice Co.* v. *Columbia Trust Co.* (*supra*). In that opinion the court said: " We agree with the learned justice at Special Term that neither the possibility of prosecution under the Federal Anti-trust Law nor the possibility of indictment under statutes of other States furnishes proper grounds for defendant Nielsen's refusal to answer questions to which objection was made." A reference to the opinion of the Special Term, which appears in the record of that case, cites, as authority as to the possibility of prosecution under the Federal Anti-trust Law, *Jack* v. *Kansas* (199 U. S. 372); and, as to the possibility of indictment under the statutes of other States, *Matter of Werner* (167 App. Div. 384).

In *Matter of Werner* the court held that the respondent could not refuse to answer questions relating to an alleged conspiracy in the State of Illinois, ten or twelve years before. It appeared that a complaint had been lodged with the district attorney of Cook county, Ill., in 1913, with reference to the same conspiracy which was made the basis of the charge against the respondent, an attorney, in the proceeding at bar, and that no action had been taken thereon. The court stated that the conspiracy, if any, must have been entered into in the year 1901, or prior thereto. At the end of the opinion the court said: " On the whole, we are of the opinion that the witness has failed to show that there is any real and substantial danger to be apprehended that his answers to the questions propounded to him will subject him to the peril of criminal prosecution. That any apprehension upon the subject the witness may now entertain is a matter of recent growth is indicated by the fact that in another proceeding he answered, without pleading his privilege, many of the same questions which he now refuses to answer.

In the case of *Jack* v. *Kansas* (*supra*) the point involved is that, in testifying as to violations of the Kansas Anti-trust Law, a witness would not gain immunity from Federal prosecution.

Plaintiff claims that answers to the questions asked might tend to connect him with a violation of subdivision 5 of section 899 of the Code of Criminal Procedure, and plaintiff cites *People* v. *Erickson* (283 N. Y. 210, revg. 171 Misc. 937).

It is urged by defendant that nothing that took place on the high seas or in another State could possibly tend to incriminate the

plaintiff under this statute. Plaintiff points out that, at the trial in the *Erickson* case, evidence was introduced, over objection of the defendant therein, of transactions engaged in by the defendant, not only in New York city, but in New Jersey and Florida, and it is further pointed out that, under section 901 of the Code of Criminal Procedure, a defendant, under that statute, may be convicted on no other evidence but his own confession. Plaintiff claims that if it should appear that there were a series of related incidents, partly in New York State, and partly on the high seas, and partly in other States, it may be that the plaintiff could be convicted under this statute.

The Court of Appeals, in the *Erickson* case, did not mention this phase of the matter in its opinion. No direct authority is cited to me on this proposition. It seems to me that, in view of the uncertainty of what the law may be held to be on this particular point, the court cannot now say that the plaintiff's refusal to answer the questions as to what took place on various boats and in other States, as well as in New York city, is fanciful, and arbitrary, and without any justification whatever.

Finally, the very language in which the counterclaim is couched would seem to indicate that, if these facts could be proved, the plaintiff might be proceeded against under the gaming or disorderly conduct statutes. (Code Crim. Proc. § 899, subds. 4, 5, 8; § 901, subd. 2; §§ 902, 903, 911; Penal Law, § 970; § 722, subds. 11, 12; § 723.) It was for that reason that the Appellate Division, in the *Woolson Spice Co.* case (*supra*), reversed the Special Term and denied the motion to compel the defendant to answer. In that opinion the court stated: " We are of opinion, however, that upon the facts alleged in the complaint, and as therein alleged, the defendant could be charged with larceny under section 1290 of the Penal Law. As to these transactions the Statute of Limitations would not be a bar to criminal prosecution for five years has not elapsed since the doing of some of the acts charged. ' Where it is not so perfectly evident and manifest that the answer called for cannot incriminate, as to preclude all reasonable doubt or fair argument, the privilege must be recognized and protected.' (*People ex rel. Taylor* v. *Forbes*, 143 N. Y. 219, 231.) "

It appears that the plaintiff is, at the present time, under indictment in the United States District Court for the Southern District of New York, for certain misrepresentations made to one of the Federal departments, and is now awaiting trial on that indictment.

Some of the questions put to the plaintiff, on the examination, related to a group photograph which, it clearly appears, has a definite relation to the said indictment. Other questions related

to the plaintiff's use of various names, to his acquaintance with various individuals, to his frequenting a certain building in the city of New York, and to various trips on boats and visits to Florida, New Orleans and Bermuda; and while any one of these questions might appear harmless, in itself, yet, if all these similar questions were asked and answered, it might, later on, appear that each answer would be a link in a chain of evidence that would tend to involve the plaintiff in admissions that would jeopardize him in the trial of the indictment now pending, or that would involve him in a criminal prosecution in this State, under the gaming or disorderly conduct statutes.

I have, therefore, come to the conclusion that the motion to direct the plaintiff to answer the questions specified in the notice of motion, should be and is denied.