McCurn, J.
The appellant was called as a witness before the Grand Jury of Jefferson County in the course of its investigation of gambling charges preferred against one Jack Cohen. He had been previously arrested and arraigned in the City Court of Watertown on a charge of keeping a place for a game of policy in violation of section 974 of the Penal Law. He had made a sworn statement before the City Court and refused to testify before the Grand Jury on the ground that his testimony might tend to disclose that he had committed perjury in making the sworn statement before the City Court. He was ordered by the court to answer the questions but continued his refusal. The Grand Jury thereupon presented the matter to the Justice presiding at the Trial Term of which the Grand Jury was a part. At a subsequent hearing before the court, as provided for by the Judiciary Law, appellant was present and represented by counsel. He again refused to testify on the ground that his testimony might tend to incriminate him in respect of the crime of perjury in connection with his sworn statement in City Court. He now appeals from an order adjudging him guilty of criminal contempt of court.
Ho person can be compelled in a criminal action or proceeding to be a witness against himself (N. Y. Const., art. I, § 6; Code Crim. Pro., § 10). The constitutional provision has been construed as meaning not only that a person should not be compelled to be a witness against himself in a criminal proceeding, but that its object was to insure a person from being compelled to give testimony as a witness in any investigation which might tend to show that he had committed a crime (People ex rel. Lewisohn v. General Sessions, 96 App. Div. 201, affd. 179 N. Y. 594; Counselman v. Hitchcock, 142 U. S. 547; People ex rel. Taylor v. Forbes, 143 N. Y. 219). The Legislature, however, in its attempt to facilitate law enforcement, and at the same time protect the constitutional rights of the individual against self incrimination, has from time to time passed so-called “ immunity statutes.” Section 996 of the Penal Law, being part of the chapter on gambling, provides that no person shall be excused from testifying upon any investigation, proceeding or trial for violation of any of the provisions of that article upon the ground that such testimony may tend to convict him of a crime or subject him to a penalty or forfeiture, “ but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given *732 or produced shall he received against him upon any criminal investigation or proceeding.” A similar immunity provision is to be found in several sections of the Penal Law, among which are section 381, relating to bribery, section 584, relating to conspiracy, and section 395, relating to burglary.
Where there is complete statutory protection coextensive with the constitutional safeguard, then the witness may be compelled to answer the question (People v. Sharp, 107 N. Y. 427; Brown v. Walker, 161 U. S. 591).
The only question here is whether or not the immunity provision of section 996 of the Penal Law is sufficient to provide immunity from prosecution for any perjury which appellant’s testimony might reveal in connection with the sworn statement which he previously made in the City Court. The immunity provision contained in section 996 and other sections of .the Penal Law have received judicial construction on numerous occasions and have been uniformly held to afford statutory protection coextensive with the constitutional safeguard so as to entitle a witness to complete immunity from prosecution on account of any prior transaction concerning which he might give evidence (Matter of Seymour v. Larkin, 254 App. Div. 215; People v. Reiss, 255 App. Div. 509, affd. 280 N. Y. 539; People v. Riley, 129 Misc. 373).
Notwithstanding these and other like decisions of long standing the appellant insists that in his particular situation the immunity statute is not as broad as the constitutional safeguard. He argues that the decision of this court in People v. Kramer (257 App. Div. 598) supports that view. In that case the witness had previously been before the Grand Jury and when recalled at the same session, refused to answer questions addressed to the same subject. His contention there was that if he reiterated his former testimony, it might tend to incriminate him in respect to the crime of perjury upon his earlier examination. It was held that under the facts of that case the giving of the same or similar answers to those previously given would not tend to incriminate him. Obviously if he gave no evidence tending to incriminate him, there was no reason to invoke his constitutional privilege nor any need for immunity. The court pointed out that the immunity statutes extend to past and not future crimes and consequently would not protect the witness from prosecution for any new perjury which he might commit in the course of his testimony before the Grand Jury. (See, also, Penal Law, § 1631; Glickstein v. United States, 222 U. S. 139; People v. Cahill, 126 App. Div. 391, affd. 193 N. Y. *733 232, and People v. Reiss, 255 App. Div. 509, 513, affd. 280 N. Y. 539, supra.) The court in the Kramer case did not consider what would have been the result had the appellant not limited his contention to the giving of the same testimony as previously given. There was nothing decided in that case which supports the appellant’s contention here.
We conclude that if the appellant upon his examination before the Grand Jury had given testimony which tended to establish that he had committed perjury in his earlier sworn statement before the City Court, the immunity provision of section 996 of the Penal Law would be effective to protect him from prosecution on account of such earlier perjury. In such circumstances, he can be compelled to testify, and his refusal to comply with the order of the court directing him to do so constitutes criminal contempt.
The order appealed from should therefore be affirmed, without costs of this appeal to either party.
All concur. Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.
Final order affirmed, without costs of this appeal to either party.