In the Matter of WILLIAM B. HERLANDS, as Special Assistant Attorney-General in Charge of Richmond County Investigation, Petitioner. FRED CARCHIETTA, Respondent.

Supreme Court, Extraordinary Special and Trial Term, Richmond County, February 10, 1953.

*Abraham Poretz, Oren C. Herwitz, A. Cuyler Ten Eyck, Jack Imberman, Saul Sorkin* and *William B. Herlands,* in person, for William B. Herlands, as Special Assistant Attorney-General, petitioner.

*Francis P. Heffernan* for respondent.

BENVENGA, J. Motion to punish a witness as and for a criminal contempt of court.

The witness Carchietta was subpoenaed to appear before the Grand Jury impaneled for the Extraordinary Special and Trial Term of the Supreme Court, conducting an investigation into, among other things, "any and all acts * * * committed or omitted, in the County of Richmond, in violation of any provision of law relating to gambling, bribery and corruption," etc.

Evidence has been produced before the Grand Jury that one Dalessio has, for a long time, been engaged in gambling activities in Richmond County, and that such activities involve official corruption. The evidence presented shows that Carchietta was employed by Dalessio in connection with his gambling opera-

tions, and that Carchietta has personal knowledge of the matters under investigation. Carchietta has refused to answer questions relating to such matters on the ground that, while the law (Penal Law, §§ 381, 584, 996) grants him full and complete immunity from prosecution for or on account of any transaction, matter, or thing concerning which he may testify (*Matter of Doyle,* 257 N. Y. 244; *People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253; *People* v. *Kramer,* 257 App. Div. 598), nevertheless, the immunity so granted is limited to protection from prosecution in the State of New York, and does not afford him such immunity in jurisdictions other than New York; that, if he were to testify, he would expose himself to prosecution in the State of New Jersey as well as by the Federal Government.

It is true, as counsel argues, that the law does not protect Carchietta by precluding the use of his testimony in prosecutions that might be instituted against him in jurisdictions other than New York. The statutes here involved do not purport to give such immunity, nor could they do so. Even so, it is well established that a witness cannot refuse to testify because the immunity afforded does not extend to possible prosecutions in other jurisdictions. All that a State is required to do, or can do, is to give protection against the use of the witness' testimony in its own courts. If the law does that, as the statutes here purport to do, that is sufficient to satisfy the constitutional requirements against self incrimination.

This was the rule enunciated by the United States Supreme Court more than half a century ago in the leading case of *Brown* v. *Walker* (161 U. S. 591, 606-609), and that rule has been consistently followed by the Supreme Court (*Jack* v. *Kansas,* 199 U. S. 372, 379-382; *Hale* v. *Henkel,* 201 U. S. 43, 68-69; *United States* v. *Murdock,* 284 U. S. 141, 149; *Feldman* v. *United States,* 322 U. S. 487, 490-494). '' The principle established is that full and complete immunity against prosecution by the government compelling the witness to answer is equivalent to the protection furnished by the rule against self-incrimination '' (*United States* v. *Murdock, supra*).

With the exception of an early decision which was reversed on appeal (see *People ex rel. Morse* v. *Nussbaum,* 55 App. Div. 245, 257, revd. 168 N. Y. 89), the Federal rule has been repeatedly followed by our State courts (see *Dunham* v. *Ottinger,* 243 N. Y. 423, 438, writ of error dismissed 276 U. S. 592; *Matter of Doyle,* 257 N. Y. 244, 267; *Matter of Werner,* 167 App. Div. 384, 386-388; *Woolson Spice Co.* v. *Columbia Trust Co.,* 193 App. Div. 346; *Matter of Cappeau,* 198 App. Div. 357, 358-

359; *Matter of Greenleaf,* 176 Misc. 566, 569, affd. 266 App. Div. 658, affd. 291 N. Y. 690; *Frad* v. *Columbian Nat. Life Ins. Co.,* 178 Misc. 705, affd. 264 App. Div. 836, 853).

Moreover, the rule as above stated has the support of Dean Wigmore. It is the prevailing rule in other States, though, as Wigmore points out, the precedents are not harmonious (8 Wigmore on Evidence [3d ed.], § 2258; 70 C. J., Witnesses, § 882; 59 A. L. R. 895; 82 A. L. R. 1380).

Any other rule is not only unsound, but would be ridiculous. It would put it within the power of the racketeer to safeguard himself against prosecution by the simple device of extending his operations beyond the territorial limits of a State and making sure that his lieutenants are given extraterritorial duties in connection with his operations. The law is not so powerless.

Counsel stresses the point that Carchietta claims his privilege against self incrimination as guaranteed by the Fifth Amendment and the " due process " or Fourteenth Amendment to the Federal Constitution. Carchietta, counsel asserts, chooses not to avail himself of the privilege against self incrimination guaranteed by the State Constitution (N. Y. Const., art. I, § 6). We fail to perceive the force of this argument.

It is elementary that the first ten amendments to the Federal Constitution apply only to the Federal Government; they do not limit or restrict the powers of the State (*Brown* v. *Walker, supra; Jack* v. *Kansas, supra; Hale* v. *Henkel, supra*). In one of its latest pronouncements on the subject, the Supreme Court has reiterated that, for more than one hundred years, " one of the settled principles of our Constitution has been that these Amendments protect only against invasion of civil liberties by the Government whose conduct they alone limit." (*Feldman* v. *United States, supra,* p. 490.)

Moreover, the fact that State statutes do not purport to give, and cannot give, immunity against prosecution in other jurisdictions, does not invalidate them under the Fourteenth Amendment (*Jack* v. *Kansas, supra; Hale* v. *Henkel, supra*). Indeed, the Fourteenth Amendment would not be violated if the privilege against incrimination under our State Constitution were to be abolished altogether (*People* v. *Defore,* 242 N. Y. 13, 28). In other words, the witness' privilege, so far as respects prosecutions in our State courts, is one guaranteed by the State Constitution.

But while a witness cannot refuse to answer pertinent questions by the mere assertion, even though made in good faith, that his answers might subject him to prosecution in another

jurisdiction, nevertheless it is always open to him to substantiate his claim by evidence that the danger of prosecution is not remote and unsubstantial, but real and substantial. He may show this by evidence of the commencement, or the actual pendency, of a criminal prosecution in a foreign jurisdiction, or by other equally cogent evidence. One thing is clear; he cannot resort to the claim as a subterfuge; he must prove it. It is then for the court to determine whether there is substance to the claim (*Matter of Werner, supra; Matter of Cappeau, supra; Frad* v. *Columbian Nat. Life Ins. Co., supra*).

Furthermore, even if the court is satisfied that the danger of prosecution in a foreign jurisdiction is real and substantial, that would not absolve the witness from testifying to acts and conduct within the State of New York, for which, but for the existence of an immunity statute, he might be criminally prosecuted. It is the duty of the court, under such circumstances, to protect the witness from any disclosures which might expose him to prosecution in the foreign jurisdiction.

The witness Carchietta is accordingly directed to answer any and all questions concerning " any and all acts  *  *  *  committed or omitted, in the County of Richmond, in violation of any provision of law relating to gambling, bribery and corruption ", as well as other crimes specified in the executive order directing the present investigation.